IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BECKY GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RUSSELL BARNETT, ET AL.,<br><br>Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 4:18-CV-00357-ALM-CAN |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. On May 1, 2018, Defendant James Russell Barnett removed the instant case to the Northern District of Texas [Dkt. 1]. On the same date, Defendant filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Dkt. 2]. On May 2, 2018, the Northern District denied Defendant's Application and ordered him to pay his filing fee within seven (7) days [Dkt. 7], cautioning Defendant that "failure to timely pay the full filing and administrative fees to the clerk of Court could result in the. . . remand of this action without further notice."

On May 15, 2018, the instant case was transferred to the Eastern District of Texas [Dkt. 9], and on June 10, was referred to the undersigned [Dkt. 11]. On June 20, 2018, in light of Defendant's failure to pay the requisite filing fee as ordered, the Court again directed Defendant to pay his filing fee on or before July 2, 2018 [Dkt. 11]. The Court's June 20 Order also directed Defendant to supplement his Notice of Removal with the required information and documents listed in Local Rule CV-81. Defendant was specifically cautioned for a second time that his failure to comply with the Order would result in a recommendation of "remand of this cause to the court

from which it was removed." A copy of the Court's June 20 Order was mailed to Defendant via First Class and Certified Mail. To date, Plaintiff has not paid the required filing fee or supplemented his Notice of Removal in this case.

The Court recommends the instant suit be remanded for failure to pay the fee for removal and comply with the requirements set forth in Local Rule CV-81. In *Deutsche Bank Nat'l Tr. Co. v. Piersall*, the court remanded a case after the defendant failed to pay his filing fee, comply with the court's local rules, and obey the magistrate judge's orders directing compliance. 3:15-CV-1782-D, (E.C.F. No. 9) (N.D. Tex. Sept. 17, 2015) (Fitzwater, J.).[1] In deciding to remand rather than dismiss the action, the court noted:

> Rule 41(b) clearly applies to a *plaintiff's* failure to prosecute a case or to comply with the rules or a court order, not to a *defendant's* failure to do so. In effect, if the court were to. . . dismiss this lawsuit, it would penalize the plaintiff who filed the lawsuit (and who has not been found at fault in any respect) and reward the defendants (who are the parties who failed to comply with the local civil rules of this court and the magistrate judge's order, and who probably improperly removed the case to this court).

*Deutsche Bank Nat'l Tr. Co. v. Piersall*, 3:15-CV-1782-D, 2015 WL 12743763, at *1–2 (N.D. Tex. Aug. 27, 2015). Here, Defendant has failed to pay his filing fee despite explicit warnings that failure to do so could result in a recommendation of remand. *See id*.

Furthermore, it is likely that this case was not properly removed and/or that this Court lacks jurisdiction over this lawsuit. Defendant contends that this case, which he describes as "Petition for Eviction from Residential Premises," involves a federal question [Dkt. 1 at 2]. However, forcible detainer actions traditionally arise under Texas state law, and therefore, do not present

---

[1] *See also U.S. Nat. Bank Ass'n v. Franklin*, CIV.A. 11-1277, 2011 WL 5827248, at *1 (W.D. La. Nov. 17, 2011) ("Franklin failed to pay the $350 filing fee when he filed his Notice of Removal. . . He was ordered to pay the filing fee by August 13, 2011 and was warned that "[f]ailure to do so will result in the petition being stricken". . . .On October 4, 2011,. . . Magistrate Judge Hornsby remanded the case, as there was no evidence in the record that the filing fee had been paid. . . .Even under a *de novo* standard of review and construing all facts in favor of Franklin, who is *pro se*, the Court finds that Magistrate Judge Hornsby's Order of Remand was based on sound legal reasoning and was neither clearly erroneous nor contrary to law.").

REPORT AND RECOMMENDATION − Page 2

federal questions. *Bank of N.Y. Mellon Trust Co., N.A. v. De La Fuente*, No. 3:14–CV–3627, 2014 WL 6901794, at *4 (N.D. Tex. Dec. 8, 2014) (remanding forcible detainer action). Additionally, Defendant's allegations of federal question jurisdiction appear to stem from Defendant's own defenses/counterclaims, wherein he alleges that he is the member of a class protected by the "Civil Rights Act of 1968" and has faced discrimination as a result of being a "Caucasian of Mormon Religion" [Dkt. 1 at 2]. Notably, Defendant cannot circumvent state court jurisdiction by asserting "federal questions" in an answer or counterclaim. *Stump v. Potts*, 322 F. App'x. 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that [defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."). However, without the information and documents required under Local Rule CV-81,[2] the Court is unable to *definitively* determine whether it has subject matter jurisdiction over this matter.

Because Defendant has neglected to pay the filing fee and comply with the Court's Orders and/or the local rules, the case should be remanded.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends that this case be **REMANDED** to Justice of the Peace, Precinct #4, Denton County, Texas.

---

[2] Pursuant to Local Rule CV-81(c), parties who remove cases from state court to federal court must "furnish to the clerk the following information at the time of removal: (1) a list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (e.g., pending, dismissed); (2) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a); (3) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by him/her; (4) a record of which parties have requested trial by jury (this information is in addition to filing a separate jury demand pursuant to LOCAL RULE CV-38(a)); and (5) the name and address of the court from which the case is being removed.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of July, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE